1  Michael Schumacher (#262403)
   **RIGRODSKY & LONG, P.A.**
2  155 Jackson Street, #1903
3  San Francisco, CA 94111
   Telephone: (415) 855-8995
4  Facsimile: (302) 654-7530
   Email: ms@rl-legal.com
5
   *Attorneys for Plaintiff*
6
7  *[Additional counsel on signature page]*

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10
11 | PAUL PARSHALL, On Behalf of Himself and All Others Similarly Situated, | Case No. _____ |
12 | | |
13 | Plaintiff, | CLASS ACTION |
14 | v. | **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
15 | COMMUNITY BANK, CHARLES E. COOK, MATTHEW DENMARK, KYLE R. JONES, LYLE R. KNIGHT, ROBERT J. KUSHNER, MARSHALL V. LAITSCH, CHARLES D. MCCLUER, DAVID R. MISCH, CRAIG H. STEWART, and KRISTEN D. STOVESAND, | |
16 | | JURY TRIAL DEMANDED |
17 | | |
18 | | |
19 | Defendants. | |

20     Plaintiff, by and through his attorneys, alleges upon personal knowledge as
21 to himself, and upon information and belief based upon, among other things, the
22 investigation of counsel as to all other allegations herein, as follows:
23                    **SUMMARY OF THE ACTION**
24     1.    This action stems from a proposed transaction announced on February
25 26, 2018 (the "Proposed Transaction"), pursuant to which Community Bank
26 ("Community Bank" or the "Company") will be acquired by CVB Financial Corp.
27
28                                       1
   COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1  ("Parent") and its wholly-owned subsidiary, Citizens Business Bank ("Merger
2  Sub," and together with Parent, "CVB").
3        2.     On February 26, 2018, Community Bank's Board of Directors (the
4  "Board" or "Individual Defendants") caused the Company to enter into an
5  agreement and plan of reorganization and merger (the "Merger Agreement") with
6  CVB. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction
7  is approved by Community Bank's shareholders, they will receive fixed
8  consideration consisting of 9.4595 shares of Parent common stock and $56.00 per
9  share in cash for each share of Community Bank common stock they own, subject
10 to certain adjustments as set forth in the Merger Agreement.
11       3.     On May 8, 2018, defendants filed a proxy statement (the "Proxy
12 Statement") with the United States Securities and Exchange Commission ("SEC")
13 in connection with the Proposed Transaction. The special shareholder meeting at
14 which Community Bank's shareholders will vote on the Proposed Transaction is
15 scheduled to take place on June 21, 2018.
16       4.     The Proxy Statement omits material information with respect to the
17 Proposed Transaction, which renders the Proxy Statement false and misleading.
18 Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and
19 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with
20 the Proxy Statement.

## JURISDICTION AND VENUE

22       5.     This Court has jurisdiction over all claims asserted herein pursuant to
23 Section 27 of the 1934 Act because the claims asserted herein arise under Sections
24 14(a) and 20(a) of the 1934 Act and Rule 14a-9.
25       6.     This Court has jurisdiction over defendants because each defendant is

either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Community Bank common stock.

9. Defendant Community Bank is a California company and maintains its principal executive offices at 460 Sierra Madre Villa Avenue, Pasadena, California 91107. Community Bank's common stock is traded on OTC Pink under the ticker symbol "CYHT." Community Bank is a party to the Merger Agreement.

10. Defendant Charles E. Cook ("Cook") is a director of Community Bank.

11. Defendant Matthew Denmark ("Denmark") is a director of Community Bank.

12. Defendant Kyle R. Jones ("Jones") is a director of Community Bank.

13. Defendant Lyle R. Knight ("Knight") is a director of Community Bank.

14. Defendant Robert J. Kushner ("Kushner") is a director of Community Bank.

15. Defendant Marshall V. Laitsch ("Laitsch") is Chairman of the Board of Community Bank.

16. Defendant Charles D. McCluer ("McCluer") is a director of

3
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Community Bank.

17. Defendant David R. Misch ("Misch") is a director and the Chief Executive Officer ("CEO") of Community Bank.

18. Defendant Craig H. Stewart ("Stewart") is a director of Community Bank.

19. Defendant Kristen D. Stovesand ("Stovesand") is a director of Community Bank.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Community Bank (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of May 3, 2018, there were approximately 3,134,094 shares of Community Bank common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are

typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

28. Community Bank, headquartered in Pasadena, California, is an independent and family-owned Southern California regional community bank, founded in 1945. In addition to the Pasadena headquarters office, there are sixteen full-service branches in Southern California. Community Bank's principal business is to provide full-service commercial and retail banking services primarily in Southern California. Community offers commercial and retail banking services designed for small and medium-sized businesses, professionals and retail customers located in Los Angeles, Orange, San Bernardino, and Riverside Counties.

29. At December 31, 2017, Community Bank had consolidated total

5
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

assets of $3.7 billion, total loan balances of $2.7 billion, and total deposits of $2.9 billion. Community Bank had 426 full-time equivalent employees as of December 31, 2017.

30. On February 26, 2018, the Individual Defendants caused Community Bank to enter into the Merger Agreement with CVB.

31. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by Community Bank's shareholders, they will receive fixed consideration consisting of 9.4595 shares of Parent common stock and $56.00 per share in cash for each share of Community Bank common stock they own, subject to certain adjustments as set forth in the Merger Agreement.

32. The merger consideration will be reduced, on a per share basis, by the sum of the following, if any: (i) a tier 1 capital adjustment of $2.50 for every dollar of adjusted tier 1 capital of Community Bank below $365 million as of the measurement date; plus (ii) a total noninterest-bearing deposit adjustment of 45.6% of every dollar of total noninterest-bearing deposits of Community Bank below $1.1 billion as of the measurement date; plus (iii) a transaction costs adjustment of a dollar for every dollar of certain specified transaction costs of Community Bank that exceeds $6 million.

33. Except under the limited circumstances, the exchange ratio in the Proposed Transaction will not be adjusted to reflect CVB stock price changes between now and the closing. Based on the closing price of CVB common stock on May 3, 2018, the merger consideration represented a value of $266.47 per share of Community Bank common stock.

34. Following the close of the Proposed Transaction, Community Bank's shareholders are expected to hold approximately 21.4% of CVB's outstanding

common stock.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

35. On May 8, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

36. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

37. The Proxy Statement omits material information regarding the Company's financial projections, CVB's financial projections, and the valuation analysis performed by the Company's financial advisor in connection with the Proposed Transaction, D.A. Davidson & Co. ("Davidson").

38. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. Defendants failed to disclose certain financial projections of Community Bank and Parent, despite the fact that Davidson was provided with, and relied upon, those projections to perform its valuation analyses to support its "fairness opinion." Specifically, Davidson relied upon Community Bank's and Parent's financial projections of tangible book value to perform its Net Present Value Analyses of Community Bank and Parent, but defendants failed to disclose

those critical projections to stockholders in the Proxy Statement. This information is material to Community Bank's stockholders, who are faced with a decision of whether to approve the Proposed Transaction and receive cash and Parent stock for their shares, or reject the Proposed Transaction and remain stockholders in the standalone Community Bank. Without this information, stockholders are being misled into believing that the merger consideration is fair.

40. With respect to Davidson's Comparable Companies Analyses of Community Bank and CVB and its Precedent Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies and transactions observed by Davidson in its analyses. The omission of this information is material because Davidson did not perform a typical comparable company analysis or precedent transactions analysis by selecting a range of trading multiples based on the selected companies and transactions, and then applying the selected trading multiples to the target's relevant financial statistics to generate implied values of the target company. Instead, Davidson merely compared the median, mean, low, and high financial data of the selected "peer" companies and precedent transactions to Community Bank's and CVB's data, thus defeating the purpose of the analyses. The failure to disclose the individual multiples and financial metrics of the selected companies and transactions therefore was a material omission and renders the Proxy Statement materially misleading by wrongly implying that Davidson's analyses support the fairness of the merger consideration.

41. With respect to Davidson's Net Present Value Analysis for Community Bank, the Proxy Statement fails to disclose: (i) the long-term growth rate that was discussed with and confirmed by Community Bank management and

8
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

applied by Davidson to generate the Company's projections for years 2021 and 2022, and Davidson's and management's basis for selecting that growth rate; (ii) the projections of Community Bank's tangible book value for years 2018 through 2022, as used by Davidson in its analysis; (iii) Davidson's basis for selecting terminal earnings multiples of 14.0x to 24.0x and terminal tangible book value multiples of 140.0% to 240.0%; (ii) the perpetuity growth rates implied by Davidson's analyses; and (iii) the specific numerical inputs and assumptions underlying the discount rates of 8.00% to 13.00% selected by Davidson. The failure to disclose this information causes the Proxy Statement to be misleading in that it makes the merger consideration appear fair.

42. With respect to Davidson's Net Present Value Analysis for CVB, the Proxy Statement fails to disclose: (i) the long-term growth rate that was discussed with and confirmed by Community Bank management and applied by Davidson to generate the CVB's projections for years 2020 and 2021, and Davidson's and management's basis for selecting that growth rate; (ii) the projections of CVB's tangible book value for years 2018 through 2021, as used by Davidson in its analysis; (iii) Davidson's basis for selecting terminal earnings multiples of 14.0x to 24.0x and terminal tangible book value multiples of 200.0% to 300.0%; (ii) the perpetuity growth rates implied by Davidson's analyses; and (iii) the specific numerical inputs and assumptions underlying the discount rates of 8.00% to 13.00% selected by Davidson. The failure to disclose this information causes the Proxy Statement to be misleading in that it makes the merger consideration appear fair.

43. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy

Statement: (i) Opinions of Community's and CVB's Financial Advisors; and (ii) Certain Unaudited Forward-Looking Information Exchanged by CVB and Community.

44. The Proxy Statement omits material information relating to potential conflicts of interest of Davidson. Due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives, stockholders are entitled to the full disclosure of investment banker compensation and all potential conflicts of interest.

45. The Proxy Statement states that, in the past two years, Davidson has provided "investment banking and other financial advisory services to Community for which Davidson has received customary compensation and reimbursement of out-of-pocket expenses for such services." The Proxy Statement, however, fails to disclose the amount of fees Davidson earned from the Company in connection with those services.

46. The Proxy Statement also fails to disclose whether Davidson has performed any financial or advisory services for Parent or its affiliates in the past three years and, if so, the nature and timing of those services, as well as the amount of compensation Davidson earned in connection with those services.

47. The omission of this information is material because, without this information, stockholders cannot assess the magnitude of Davidson's potential conflict of interest. This omission causes the Proxy Statement to be misleading because stockholders cannot assess Davidson's incentive to skew its valuation analyses that have been touted to support the fairness of the merger consideration.

48. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy

Statement: (i) Opinions of Community's and CVB's Financial Advisors; and (ii) Background of the Merger.

49. The Proxy Statement omits material information relating to the background leading to the Proposed Transaction. The Company's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

50. The Proxy Statement states that, in 2017, Community Bank entered into confidentiality agreements with five parties, including Party B, Party C, Party D, Party E, and CVB. Defendants, however, failed to disclose the terms of the confidentiality agreements, including whether they contain standstill and/or "don't ask, don't waive" provisions that prevents the counterparties from acquiring the Company's stock or requesting a waiver of the standstill provision. Notably, the Board agreed to Section 6.09(b) of the Merger Agreement, which provides that the Company will "enforce any confidentiality or similar agreement relating to a Community Acquisition Proposal."

51. If the confidentiality agreements do contain a standstill and "don't ask, don't waive" provision, the Proxy Statement is misleading in that it leads stockholders to believe that the interested parties, including Parties B, Party C, Party D, Party E, is free to submit a superior offer to acquire Community Bank. Stockholders would find this information material in deciding whether the Proposed Transaction with CVB is the best transaction that the Board could have obtained.

52. The omission of this material information renders the Background of the Merger Section of the Proxy Statement false and misleading.

53. The above-referenced omitted information, if disclosed, would

11
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

significantly alter the total mix of information available to Community Bank's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Against the Individual Defendants and Community Bank**

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Community Bank is liable as the issuer of these statements.

56. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

57. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

58. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

59. The Proxy Statement is an essential link in causing plaintiff and the

Company's stockholders to approve the Proposed Transaction.

60. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

61. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. The Individual Defendants acted as controlling persons of Community Bank within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Community Bank and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Proxy Statement.

66. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

67. As set forth above, the Individual Defendants and PPBI had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

14
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  May 31, 2018            **RIGRODSKY & LONG, P.A.**

By: */s/ Michael Schumacher*
Michael Schumacher (#262403)
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530

*Attorneys for Plaintiff*